IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL - 7 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| KATIE TEMPLETON,<br>On behalf of herself and all others similarly situated,<br>    Plaintiff,<br>vs.<br>VICTORIA'S SECRET STORES, LLC, an Ohio Corporation<br>    Defendant. | CIVIL ACTION<br>FILE NO. 1:09-CV-1837<br>JURY TRIAL DEMANDED |



WSD

## COMPLAINT

### INTRODUCTION

Katie Templeton, ("Plaintiff"), brings this action against Defendant by and through her attorney and alleges as follows:

1.

Plaintiff, Katie Templeton, ("Plaintiff"), brings this action, on behalf of herself and others similarly situated, against Defendant, individually and as a Georgia Corporation, for overtime compensation, minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a customer sales lead and performed related activities for Defendant in, among others, Gwinnett County, Georgia. This action

is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

2.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

## VENUE

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (2).

## PARTIES

4.

Plaintiff, Katie Templeton is a resident of Snellville, Georgia located in Gwinnett County, Georgia and was employed by Defendant as a customer sales lead from June, 2007 thru present. Plaintiff has concurrently filed her Notice of Consent to Join pursuant to 29 U.S.C. § 216 (b).

5.

Defendant, Victoria's Secret Stores, LLC, is an Ohio Corporation that operates and conducts business in, among others, Gwinnett County, and is therefore within the jurisdiction of this Court.

6.

Victoria's Secret Stores, Inc. is an employer as defined by 29 U.S.C. 201 et. seq. Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on Registered Agent C T Corporation System, 1201 Peachtree Street, NE, Atlanta, GA., 30361.

## **VIOLATIONS OF THE FLSA**

7.

At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203 (r) and 203 (s).

8.

Plaintiff is also individually covered by the FLSA because she was engaged in interstate commerce during her employment with Defendant.

9.

At all times relevant Plaintiff has been an employee of Defendant within the meaning of FLSA.

10.

At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because during her employment with Defendant, Plaintiff, and those similarly situated to her, were not paid time and one-half their regular rate of

pay for all hours worked in excess of forty (40) within a work week during one or more work weeks.

11.

Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated to her, are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

12.

Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11 above.

13.

Plaintiff, and those similarly situated, are entitled to receive proper payment of time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week. During her employment with Defendant, Plaintiff, and those similarly situated, routinely worked overtime hours but were not properly compensated for same.

14.

As a result of Defendant's intentional, willful and unlawful acts by refusing to properly pay Plaintiff, and those similarly situated to her, their regular rate of

pay for each hour worked in one or more weeks of employment with Defendant, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

15.

As a result of Defendant's willful violation of the FLSA, Plaintiff, and those employees similarly situated, are entitled to liquidated damages.

## COUNT II – RECOVERY OF MINIMUM WAGE COMPENSATION

16.

Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-11.

17.

Plaintiff was entitled to be paid minimum wage for each hour she worked during her employment with Defendant.

18.

Plaintiff has demanded compensation for hours worked but not compensated, but Defendant has refused and/or failed to compensate her for same. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for all hours worked during her employment with Defendant.

19.

Defendant willfully failed to pay Plaintiff minimum wage for all hours worked with Defendant contrary to 29 U.S.C. § 206.

20.

As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for payment of all overtime hours at one and one-half of the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

DATED this 6th day of July 2009.

*[signature]*
DEIRDRE M. STEPHENS, ESQ.
GA BAR NO: 678789
Morgan & Morgan, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
Phone: 404-965-8811
Attorney for Plaintiff